**SO ORDERED.**

**SIGNED this 30 day of March, 2006.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN RE:

WILLIAM LEE ACKERMAN and
MEGGAN MICHELL ACKERMAN,

      Debtors.                                                            Case No. 05-05963-8-JRL
                                                                             Chapter 13

_____

**ORDER**

      This matter is before the court on the debtors' clarification of their proposed Chapter 13 plan. The clarification was filed in compliance with an order entered by this court on January 26, 2006.

      On October 12, 2005, the Chapter 13 trustee filed a motion to dismiss based on the debtors' failure to file a confirmable plan. The trustee objected to the debtors' proposed plan as it provided for payment of a student loan outside of the plan. The debtors asserted that the student loan should receive separate classification from other unsecured debts as it is nondischargeable. The trustee argued that the student loan must be paid through the plan to avoid unfair discrimination against other unsecured creditors, pursuant to 11 U.S.C. § 1322(b)(1), and to meet the disposable income requirement under §

1325(b)(1).

After the hearing on this matter, the court reviewed the debtors' amended petition. Schedule I indicated that one of the debtors was no longer receiving income and Schedule J showed that the debtors were no longer making monthly direct payments on the student loan. Based on the change in the schedules, the court was unsure what treatment of the student loan the debtors were proposing. The court requested a clarification, which was provided by the debtors on February 17, 2006.

The debtors are seeking to separately classify their student loan so that it may be paid outside the plan. Although the female debtor is not working, child care costs have decreased and the debtors contend that they can still make payments on the student loan directly. The debtors believe that separate classification of these loans is good public policy as tax dollars are used to pay defaulted loans and education is an important goal in our society.

Under § 1322(b)(1), a plan may "designate a class or classes of unsecured claims...but may not discriminate unfairly against any class so designated." However, if the last payment is due on any secured or unsecured claim "after the date on which the final payment under the plan is due," a debtor may "provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending." See 11 U.S.C. § 1322(b)(5). Some courts have cited § 1322(b)(5) as allowing "long-term" debts, such as student loans, to be paid outside of the plan. See In re Cox, 186 B.R. 744, 746-47 (Bankr. N.D. Fla. 1995); In re Benner, 156 B.R. 631, 633-35 (Bankr. D. Minn. 1993). A majority of courts, however, require debts that qualify for treatment under § 1322(b)(5) to also pass the unfair discrimination test under § 1322(b)(1). See In re Colley, 260 B.R. 532, 538 (Bankr. M.D. Fla. 2000); In re Thibodeau, 248 B.R. 699, 704-07 n.9 (Bankr. D. Mass. 2000); In re Coonce, 213 B.R. 344, 346-49

(Bankr. S.D. Ill. 1997).

The issue of whether student loans can be paid outside of a Chapter 13 plan has been addressed in this jurisdiction. See In re Wood, No. 03-01363-5-ATS (Bankr. E.D.N.C. October 30, 2003). The facts of In re Wood are analogous to the case at hand. The trustee filed a motion to dismiss because the debtors proposed to pay their student loan outside of the plan. The court adopted the majority view and analyzed the proposed treatment under both § 1322(b)(1) and (b)(5). As the debt was "long term" under § 1322(b)(5), the court had to make a determination of whether the separate classification "discriminated unfairly" against the remaining unsecured creditors.

Judge Small found that such a determination "must be made on a case-by-case basis, and the court will look to the totality of the circumstances much like it would in determining good faith in chapter 13 ... and substantial abuse in chapter 7." In re Wood, No. 03-01363 at 4. After examining the benefits to the debtor and to the disfavored creditors, the court held that the proposed treatment complied with § 1322(b)(1). As the monthly payments on the student loan were allowed under § 1322(b)(5), the student loan payments "must be deducted from disposable income." Id. at 5.

This court will follow Judge Small's decision in In re Wood and examine the proposed treatment of the student loan under both subsections of § 1322. The student loan in question will not be paid off during the course of the debtors' Chapter 13 plan. As such, it qualifies under § 1322(b)(5). The debtors will benefit from paying the loan directly because no interest or late charges will accrue, assuming they remain current with their payments. The remaining unsecured creditors will receive a ten percent payout. If the student loan is paid through the plan, all of the unsecured creditors will receive

approximately twenty percent.[1] Although the unsecured creditors would receive slightly more if the student loan is paid inside the plan, the alternative is a Chapter 7 liquidation where the unsecured creditors receive no dividend. The ten percent payout is a benefit to the unsecured creditors given that the debtors could have filed for Chapter 7 relief.

Based on the foregoing, the court finds that the proposed plan does not discriminate unfairly among unsecured creditors and complies with § 1322(b)(1) and (b)(5). Additionally, the disposable income requirement is met under § 1325(b)(1) as the payments on the student loan are necessarily deducted from disposable income. Accordingly, the trustee's motion to dismiss is denied.

"**End of Document**"

---

[1] These percentages were provided to the court by the Chapter 13 trustee.